# THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
## RETROACTIVE DATE – CLAIMS MADE COVERAGE

This endorsement modifies insurance provided under the following:

EMPLOYMENT PRACTICES LIABILITY COVERAGE PART

**A.** <u>COVERAGE</u>

In consideration of the premium charged, coverage is provided for "damages" under **SECTION I – COVERAGES, A. Insuring Agreement** as long as a Retroactive Date is shown in the Declarations and the "wrongful employment act":

**1.** took place in the coverage territory; and

**2.** did not occur before the Retroactive Date shown in the Declarations.

**B.** <u>EXCLUSIONS</u>

It is hereby agreed and understood that ITEM **A. Insuring Agreement** of **SECTION I – COVERAGES** will not apply to a "wrongful employment act" which occurred after the Retroactive Date, if prior to the effective date of this policy:

**1.** any Insured gave notice to any insurer of the "wrongful employment act", or

**2.** any Insured had a reasonable basis to believe that the "wrongful employment act" might result in a claim or "suit", or

**3.** there is a prior policy or policies which provide insurance for such "wrongful employment act" whether or not the available limits of liability of such prior policy or policies are sufficient to pay and whether or not the deductible provisions and amount of such prior policy or policies are different from this policy and whether or not such prior policy or policies are collectible in whole or in part.

IL-405-EP (01/02)          © Copyright Argonaut Insurance Group 2000. All rights reserved.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# LIABILITY INSURANCE AND CLAIMS EXPENSES DEDUCTIBLE

This endorsement modifies insurance provided under the following:

EMPLOYMENT PRACTICES LIABILITY COVERAGE PART

### SCHEDULE

Amount and Basis of Deductible

$2,500                                                            Per "Wrongful Employment Act"

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**APPLICATION OF ENDORSEMENT** (Enter below any limitations on the application of this endorsement.):

The following is added to **A. Insuring Agreement** of **SECTION I – COVERAGES**:

### DEDUCTIBLE

The "damages" and allocated claims expenses which would otherwise be payable under this insurance will be reduced by the deductible shown in the SCHEDULE above prior to the application of the LIMITS OF INSURANCE provision. Allocated claims expenses means all expenses chargeable to a specific claim we incur or the insured incurs with our consent in the investigation, negotiation, arbitration, settlement and defense of any claim or "suit", whether paid by us or by the insured with our consent. To investigate, defend or settle any claim or "suit" we may pay all or any part of any deductible stated in this policy. If this happens, you must reimburse us for the deductible or the part of the deductible we paid.

Should the company find it necessary to file suit seeking recovery for amounts paid by it with regard to a deductible which is to be reimbursed by you, it is herein agreed that you are responsible for all costs of collection, including reasonable attorney's fees and interest on the amount in question in the full amount allowed by law.

The deductible amount stated in the SCHEDULE above applies as follows:

**A.** Per "Wrongful Employment Act" - the deductible amount applies to all "damages" and allocated claims expenses because of a "wrongful employment act" regardless of the number of claimants who sustain "damages" because of that "wrongful employment act".

The terms of this insurance, including those with respect to our right and duty to defend any "suits" seeking those "damages"; and your duties in the event of an claim or "suit" apply irrespective of the application of the deductible amount.

IL-501 EP (01/02)                    © Copyright Argonaut Insurance Group 2000. All rights reserved. (Includes copyrighted Material of Insurance Service Office, Inc., with its permission. Copyright, Insurance Service Office, Inc., 1983, 1992)

Stephen L. Brischetto, OSB# 78156
Email: *slb@brischettolaw.com*
520 S.W. Yamhill Street, Suite 500
Portland, Oregon 97204
Phone: (503) 223-5814
Fax: (503) 228-1317

George P. Fisher, OSB # 91043
Email: *george.fisher@GPF-law.com*
3635 S.W. Dosch Road
Portland, Oregon 97239
Phone: (503) 224-7730
Fax:    (503) 227-2429

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD DOYLE, ROBERT DEUEL, BENEDICT MILLER, and CHARLES STEINBERG,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF MEDFORD, an Oregon municipal corporation, and MICHAEL DYAL, City Manager of the City of Medford, in his official capacity and as an Individual,**<br><br>Defendants. | Case No. CV 06-3058-PA<br><br>COMPLAINT (42 U.S.C. §§ 1981, 1983, 1985 – Property Interest Claim; ADEA Violation; ORS 659A.030 Violation; ORS 243.303(2) Violation)<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

INTRODUCTION

ORS 243.303(2) requires local governmental entities to provide all of their employees

with the election to continue participation in their health insurance programs, at the employees'

own expense, upon their retirement. Defendant the City of Medford's policy to not provide health

care insurance that permitted Plaintiffs an election to continue participation in the City of

Page 1 – COMPLAINT



*COMPLAINT-A-2.doc*

Medford's health insurance program when they retired, violates the Oregon statute and other federal and Oregon statutes as alleged. Plaintiffs and other similarly situated employees are therefore entitled to injunctive, compensatory, and punitive remedies.

## I.

## JURISDICTION and VENUE

1.1     This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1343 (3) and (4), 28 U.S.C. §1331, 42 U.S.C. § 1981, *et seq.*, and 29 U.S.C. § 626(c) and 29 U.S.C. §216(b).

1.2     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

1.3     As all events material to this Complaint occurred within the District of Oregon, in substantial part, venue in this Court is proper pursuant to 28 U.S.C § 1391(b).

1.4     Each Plaintiff timely filed their ORS 30.275 Notice of Claim.

1.5     Each Plaintiff timely filed a claim with the Civil Rights Division of the Oregon Bureau of Labor and Industries and/or the Equal Employment Opportunity Commission.

## II.

## PARTIES

2.1     Plaintiffs are all residents of the state of Oregon. At all times material Plaintiffs were between forty and seventy years of age, and at the time of their retirement, had been employed by the City of Medford for at least three years.

2.2     Plaintiff Ron Doyle was the City Attorney for the City of Medford. Mr. Doyle was

Page 2 – COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

COMPLAINT-A-2.doc.

a management employee who retired from the City of Medford March 31, 2005. Mr. Doyle's date of birth is May 29, 1949. Plaintiff Charles Steinberg was a non-management employee formerly employed with the City of Medford in the Police Department as a Patrol Officer. Mr. Steinberg's date of birth is October 3, 1950. Mr. Steinberg retired from the City effective January 31, 2003. Plaintiff Robert Deuel was employed as a City Engineer for the City of Medford. Mr. Deuel was a management employee who retired effective January 31, 2003. Mr. Deuel's date of birth is June 24, 1946. Plaintiff Benedict Miller was employed with the City of Medford as a detective in the Police Department. Mr. Miller retired from the City on May 31, 2006. Mr. Miller's date of birth is February 3, 1950.

2.3    Defendant City of Medford ("the City") is a municipality located in Jackson County, Oregon.

2.4    Defendant Michael Dyal ("Dyal") is a resident of the state of Oregon. During the events leading to each Plaintiff's retirement and to the present, Dyal was and is the City Manager of the City of Medford. Defendant Dyal is sued in his individual capacity and in his official capacity.

III.

CLASS ACTION

3.1    Plaintiffs seek certification as a class action pursuant to FRCP 23(b)(1)(B) on behalf of all similarly situated retired employees of the City of Medford who have not been provided with an opportunity to elect continued participation, for themselves, their spouse and any unmarried children under 18, in the City's health insurance program, because:

a.    There are questions of law and fact common to the class which

Page 3 – COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204

COMPLAINT-A-2.doc

predominate over any questions affecting only individual members.  Namely, whether Defendants

have violated 42 U.S.C. §§ 1981, 1983, 1985, 29 U.S.C. § 623, ORS 659A.030(1)(b), Resolution

No. 5715 and/or  ORS 243.303(2) because of their failure to provide Plaintiffs with the right to

elect continued participation in the City's health insurance program when those class members

became eligible to do so;

      b.     The exact size of the class is unknown at the present time, but upon

information and belief, it exceeds seventy-five (75) persons, thus making the class so numerous

that joinder of all class members is impractical;

      c.     Plaintiffs' claims are typical of the class as they were subject to the

Defendants' conduct and policy within the last three years of each Plaintiff's employment by the

City, and each have been harmed by that conduct and policy upon their retirement; and

      d.     Plaintiffs will fairly and adequately protect the interests of the class.

Stephen L. Brischetto and George P. Fisher are experienced in § 1981, §1983, §1985, and age

discrimination litigation involving issues similar to those in this action.

    3.2     Plaintiffs' class action seeks declaratory and injunctive relief, compensatory

damages, and punitive damages.

IV.

STATEMENT OF FACTS

    4.1     In 1986, the City of Medford adopted Resolution No. 5715 providing that the City

of Medford would make available to retired officers and employees of the City, who elect within

60 days of retirement, continued participation in the City's health insurance program upon

retirement.  The Resolution gave retirees an election to continue participation on behalf of

Page 4 – COMPLAINT

themselves, their spouse and any unmarried children under 18 years of age.  The Resolution

provided that retirees pay the premiums that are required to continue participation in the City's

health insurance program. The stated purpose of Resolution No. 5715 was to comply with then

recent amendments to ORS 243.303 requiring that the governing body of any local government

that contracts for or otherwise makes available health care insurance coverage for its officers and

employees shall, insofar as and to the extent possible, make that coverage available to retired

employees who elect within 60 days of retirement to participate in that coverage. The Resolution

required City staff and the appropriate insurance carriers to inform City Employees of the

provisions of the Resolution.

    4.2    Prior to 1990, the City had provided health care insurance to its employees which

made available to employees the election to continue participation in the City's health care

insurance program upon their retirement.  In 1990, however, the City negotiated with its police

officers' union for a health insurance program that did not make available to retiring officers the

election to continue their coverage under the City's health insurance program in violation of ORS

243.303(2).

    4.3    In 2001, City Manager Dyal caused the City, at its instance and

direction, to then place all of its management-level employees under the same health insurance

program as the City's police officers, which caused those  management employees to also lose the

right to elect whether they wanted to continue their participation in the City's health insurance

program upon their retirements.

    4.4    When Defendants caused their management-level employees to lose this

right of election, Defendants had actual knowledge that adding its management-level employees

Page 5 – COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204

COMPLAINT-A-2.doc

to the health insurance program providing coverage for its police officers would have this result.

4.5     In 2002, the City caused the placement of non-management employees in its Parks and Recreation Department and in its Public Works Department in this same health insurance program eliminating their election to continue coverage under the plan upon their retirement.

4.6     When confronted with objections about the change that deprived employees of the right to elect, Dyal stated, " I don't care what the law says, this City is not going to spend one dime on retirees as long as I'm City Manager."

4.7.    Each Plaintiff was an employee of the City for at least three years prior to their retirement.

4.8     Upon each Plaintiff's retirement and when each Plaintiff learned of the benefits that should have been available to retired employees of the City under ORS 243.303(2), each Plaintiff requested and was denied coverage through the City's health insurance program.

4.9     Due to the City's decision to not allow their retiring employees, like Plaintiffs, the election to extend their coverage under the City's health care insurance program upon their retirement, those employees have incurred damages.

4.10    The City continues to provide to some employees the choice to extend their participation in the City's health insurance program when they retire.

4.11    At all times pertinent to this Complaint, the City contracted for health insurance coverage for its officers and employees and it was possible for the City to contract for health insurance that made that coverage available to any retired employees, and their spouse and unmarried children under 18, who elect to participate within 60 days after retirement.

4.12    The conduct alleged herein is a continuing course of unlawful and discriminatory

Page 6 – COMPLAINT

conduct by the City with at least one incident of unlawful and discriminatory conduct within 300 days of the filing of this Complaint.

V.

FIRST CLAIM FOR RELIEF

(Violation of O.R.S. 243.303 - Both Defendants)

5.1    Plaintiffs restate and incorporate by this reference Paragraphs 1 through 4.

5.2    Oregon law provides:

> The governing body of any local government that contracts for or otherwise makes available health care insurance coverage for officers and employees of the local government shall, insofar as and to the extent possible, make that coverage available for any retired employee of the local government who elects within 60 days after the effective date of retirement to participate in that coverage and, at the option of the retired employee, for the spouse of the retired employee and any unmarried children under 18 years of age.

ORS 243.303(2).

5.3    Due to the Defendants' intentional conduct of not providing the opportunity for any Plaintiff to participate in its health care insurance program upon their retirement, each Plaintiff is unable to access benefits ORS 243.303(2) requires.

5.4    Each Plaintiff has suffered damages due to Defendants' conduct, including, but not limited to:

    a.    Economic damages in an amount to be proved at trial representing the difference between health care insurance premiums each has had to pay that are higher than what each would have had to pay if they were allowed to participate in the City's health care insurance program, and the difference in value of benefits between the City's program and the lesser benefits each Plaintiff receives from their present health care program, if applicable.

Page 7 – COMPLAINT

b.     Non-economic damages in an amount to be proved at trial representing each Plaintiff's mental stress, anxiety and discomfort due to their fear of losing health care insurance coverage for themselves and their dependents altogether, due to concern for their ability to pay for health care insurance they will have to find because they cannot choose to participate in the City's health insurance program, and due to concern for whether any such coverage will be adequate to their and their dependants' needs.

VI.

SECOND CLAIM FOR RELIEF

(Violation of Resolution No. 5715 - Both Defendants)

6.1     Plaintiffs restate and incorporate by this reference Paragraphs 1 through 4.

6.2     Resolution No. 5715 of the City of Medford provides that retirees will have a 60 day period from the date of retirement to elect continued coverage under the City's health insurance program for themselves, their spouse and unmarried children under 18.  The Resolution also provides that City staff and the appropriate insurance carriers will provide notice to the employees of the provisions of the Resolution.

6.3     Due to the Defendants' intentional conduct of not providing the opportunity for any Plaintiff to participate in its health care insurance program upon their retirement, each Plaintiff is unable to access benefits Resolution No. 5715 requires.

6.4     Each Plaintiff has suffered damages due to Defendants' conduct, including, but not limited to:

a.     Economic damages in an amount to be proved at trial representing the difference between health care insurance premiums each has had to pay that are higher than what

Page 8 – COMPLAINT

each would have had to pay if they were allowed to participate in the City's health care insurance program, and the difference in value of benefits between the City's program and the lesser benefits each Plaintiff receives from their present health care program, if applicable.

        b.     Non-economic damages in an amount to be proved at trial representing each Plaintiff's mental stress, anxiety and discomfort due to their fear of losing health care insurance coverage for themselves and their dependents altogether, due to their concern for their ability to pay for health care insurance they will have to find because they cannot choose to participate in the City's health insurance program, and due to concern for whether any such coverage will be adequate to their and their dependants' needs.

VII.

THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1981, 1983, 1985, Property Interest Violation–Both Defendants)

7.1     Plaintiffs restate and incorporate by this reference Paragraphs 1 through 4.

7.2     Defendants, in engaging in the conduct alleged herein, acted under the color of state law, statute and custom and/or usage.

7.3     The deprivation of Constitutional and federal statutory rights alleged herein were the product of the custom, policy and practice of the City of Medford.

7.4     ORS 243.303 (2) and Resolution No. 5715 create valuable Constitutional property rights for each Plaintiff in the form an option to elect participation in the City's health care insurance program upon their retirement, an interest protected by the United States Constitution and 42 U.S.C. §§ 1981, 1983 and 1985.

7.5     Due to Defendants' conduct of not providing its employees with access to health

Page 9 – COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204

COMPLAINT-A-2.doc

care insurance coverage as required by ORS 243.303 (2) and Resolution 5715, each Plaintiff was unconstitutionally denied their protected and valuable property interest.

      7.6    Each Plaintiff has suffered damages due to Defendants' conduct, including, but not limited to:

      a.    Economic damages in an amount to be proved at trial representing the difference between health care insurance premiums in different programs each Plaintiff has had to pay that are higher than what they would have had to pay if they were allowed to participate in the City's health care insurance program, and the difference in value of benefits between the City's program and the lesser benefits each Plaintiff receives from their present health care program, if applicable.

      b.    Non-economic damages in an amount to be proved at trial representing each Plaintiff's mental stress, anxiety and discomfort due to their fear of losing health care insurance coverage for themselves and their dependents altogether, due to concern for their ability to pay for health care insurance they will have to find because they cannot choose to participate in the City's health insurance program, and due to their concern for whether any such coverage will be adequate to their and their dependants' needs.

      7.7    Defendant Dyal intentionally or recklessly deprived each Plaintiff of federal statutory and Constitutional rights as alleged above. As a result, each Plaintiff is entitled to an award of punitive damages in the amount to be determined at trial.

      7.8    Each Plaintiff is entitled to recover their reasonable attorney fees, costs and disbursements pursuant to 42 U.S.C. § 1988.

      7.9    Each Plaintiff also seeks a declaratory judgment and equitable relief, including an

Page 10 – COMPLAINT

injunction requiring immediate access to the health care insurance plan available to un-retired employees and retired non-management-level employees of the City, or its equivalent, and an injunction requiring the City to maintain access to health care insurance for all of its employees upon their retirement.

## VIII.

## FOURTH CLAIM FOR RELIEF

(29 U.S.C. § 623, Age Discrimination in Employment Act–Against City of Medford)

8.1    Plaintiffs restate and incorporate by this reference Paragraphs 1 through 4.

8.2    A motivating factor in Defendants' decision to deny Plaintiffs their election to access the City's health care insurance plan upon their retirement was their age.

8.3    Defendants at all times were aware of the requirements of the Age Discrimination in Employment Act and willfully violated that Act.

8.4    Due to Defendants' actions, Plaintiffs lost access to the City's health care insurance protection, causing economic damage to them, represented by the difference between health care insurance premiums each has had to pay for different programs, if applicable, that are higher than what they would have had to pay if they were allowed to participate in the City's program, and the difference in value of benefits between the City's program and the lesser benefits Plaintiffs receive from their present health care program, also if applicable.

8.5    Plaintiffs are entitled to liquidated damages.

8.6    Plaintiffs are entitled to recover their reasonable attorney fees and litigation expenses.

## IX.

Page 11 – COMPLAINT

FIFTH CLAIM FOR RELIEF

(ORS 659A.030–Age Discrimination-Against City of Medford)

9.1    Plaintiffs restate and incorporate by this reference Paragraphs 1 through 4 and 8.4.

9.2    Plaintiffs' age was a substantial factor in Defendants' decision not to provide Plaintiffs with an election to access the City's health care insurance plan.

9.3    Plaintiffs are entitled to recover their attorney fees and cost of litigation as provided by 659A.885.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

A.    For their First Claim for Relief for violation of ORS 243.303:

1.    Economic damages in an amount to be proved at trial representing the difference between health care insurance premiums each has had to pay that are higher than what each would have had to pay if they were allowed to participate in the City's health care insurance program, and the difference in value of benefits between the City's program and the lesser benefits each Plaintiff receives from their present health care program, if applicable; and

2.    Non-economic damages in an amount to be proved at trial representing each Plaintiff's mental stress, anxiety and discomfort due to their fear of losing health care insurance coverage for themselves and their dependents altogether, due to their concern for their ability to pay for health care insurance they have to find because they can not participate in the city's health insurance program, and due to concern for whether any such coverage they find will be adequate to meet their and their dependants' needs.

Page 12 – COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204

COMPLAINT-A-2.doc

B.      For their Second Claim for Relief for Violation of Resolution No. 5715:

    1.      Economic damages in an amount to be proved at trial representing the difference between health care insurance premiums each has had to pay that are higher than what each would have had to pay if they were allowed to participate in the City's health care insurance program, and the difference in the value of benefits between the City's program and the lesser benefits each Plaintiff receives from their present health care program, if applicable; and

    2.      Non-economic damages in an amount to be proved at trial representing each Plaintiff's mental stress, anxiety and discomfort due to their fear of losing health care insurance coverage for themselves and their dependents altogether, due to their concern for their ability to pay for health care insurance they have to find because they can not participate in the City's health insurance program, and due to concern for whether any such coverage will be adequate to meet their and their dependants' needs.

C.      For their Third Claim for Relief for violation of Plaintiff's Property Interest protected by 42 U.S.C. §§ 1981, 1983, and 1985:

    1.      Economic damages in an amount to be proved at trial representing the difference between health care insurance premiums each Plaintiff has had to pay that are higher than what they would have had to pay if they were allowed to participate in the City's health care insurance program, and the difference in value of benefits between the City's program and the lesser benefits each Plaintiff receives from their present health care program, if applicable; and

    2.      Non-economic damages in an amount to be proved at trial

Page 13 – COMPLAINT

representing each Plaintiff's mental stress, anxiety and discomfort due to their fear of losing health care insurance coverage for themselves and their dependents altogether, due to their concern for their ability to pay for the health care insurance they have to find because they can not participate in the City's health care insurance program, and due to concern for whether such coverage will be adequate to meet their and their dependants' needs.

      3.    An award of punitive damages in an amount to be determined at trial.

D.    For their Fourth Claim for Relief for Violation of the ADEA:

      1.    Economic damages in an amount to be proved at trial representing the difference between health care insurance premiums each Plaintiff has had to pay that are higher than what they would have had to pay if they were allowed to participate in the City's health care insurance program, and the difference in the value of benefits between the City's program and the lesser benefits each Plaintiff receives from their present health care program, if applicable;

      2.    Plaintiffs are entitled to liquidated damages; and

      3.    Plaintiffs are entitled to recover their reasonable attorney fees and litigation expenses.

E.    For their Fifth Claim for Relief for Violation of ORS 659A.030:

      1.    Economic damages in an amount to be proved at trial representing the difference between health care insurance premiums each Plaintiff has had to pay that are higher than what they would have had to pay if they were allowed to participate in the City's health care insurance program, and the difference in the value of benefits between the City's program and the lesser benefits each Plaintiff receives from their present health care

Page 14 – COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204

program, if applicable; and

      2.      Plaintiffs are entitled to recover their attorney fees and litigation expenses as provided by ORS 659A.885.

      F.      For pre-judgment interest on all amounts;

      G.      For Plaintiff's costs and disbursements; and

      H.      Such additional remedies, both legal and equitable that the law provides and the Court deems just and proper.

      DATED this _____ 8th _____ day of August, 2006.

      Stephen L. Brischetto, OSB # 78156
      Phone No. (503) 228-1317

      George P. Fisher, OSB#91043
      Phone No. (503) 224-7730
      Of Attorneys for Plaintiffs

PLAINTIFFS DEMAND A TRIAL BY A JURY.

      Stephen L. Brischetto,
      Of Attorneys for Plaintiffs

Page 15 – COMPLAINT