FILED'07 DEC 26 15:40USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CITY OF MEDFORD, et al.,

        Plaintiffs,

    v.

ARGONAUT INSURANCE GROUP, et al.,

        Defendants.

Civ. No. 06-3098-PA

**OPINION AND ORDER**

**PANNER, J.**

Plaintiffs City of Medford and Michael Dyal, the City Manager for the City of Medford, bring this action for declaratory relief and breach of contract against defendants Argonaut Group, Inc., and Trident Insurance Services, LLC[1], alleging that defendants have a duty to defend and to indemnify plaintiffs in an action brought against plaintiffs in federal

---

[1] Defendants state that Argonaut is the only proper defendant because Trident is not an insurer but a claims administrator for the Argonaut group of companies.

1 - OPINION AND ORDER

court. See Doyle v. City of Medford, Civ. No. 06-3058-PA, 2007 WL 2248161 (D. Or. July 30, 2007).

I bifurcated the duty to defend claim from the duty to indemnify claim. The parties have filed cross-motions for partial summary judgment on the duty to defend. I grant plaintiffs' motion and deny defendants' motion.

## BACKGROUND

In Doyle, the plaintiffs were retired City of Medford employees who claimed that the City improperly obtained health insurance coverage that did not cover retirees. The defendants in Doyle are plaintiffs here, the City of Medford and Michael Dyal.

In Doyle, the plaintiffs brought five claims for relief.

The first claim in Doyle is for violation of a state statute, Or. Rev. Stat. (ORS) § 243.303(2). The Doyle complaint alleges that "[d]ue to the Defendants' intentional conduct of not providing the opportunity for any Plaintiff to participate in its health care insurance program upon their retirement, each Plaintiff is unable to access benefits ORS 243.303(2) requires."

The second claim in Doyle alleges that "[d]ue to Defendants' intentional conduct of not providing the opportunity for any Plaintiff to participate in its health care insurance program upon their retirement, each Plaintiff is unable to access benefits Resolution No. 5715 requires." Resolution 5715 was the City's response to ORS 243.303(2).

2 - OPINION AND ORDER

The third claim in Doyle, which is under 42 U.S.C. § 1983, alleges that "[d]ue to Defendants' conduct of not providing its employees with access to health care insurance coverage as required by ORS 243.303(2) and Resolution 5715, each Plaintiff was unconstitutionally denied their protected and valuable property interest."

The fourth and fifth claims in Doyle are for age discrimination under federal and state law. The Doyle complaint alleges that plaintiffs' age was a "motivating factor in Defendants' decision to deny Plaintiffs their election to access the City's health care insurance plan upon their retirement." The Doyle complaint alleges that the defendants were aware of the requirements of the federal ADEA and state law and "willfully violated" those requirements.

In Doyle, I granted the defendants' motion for summary judgment on the plaintiffs' federal law claims and dismissed the plaintiffs' state law claims without prejudice. Doyle v. City of Medford, Civ. No. 06-3058-PA, 2007 WL 2248161 (D. Or. July 30, 2007).

## SUMMARY JUDGMENT STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and

3 - OPINION AND ORDER

designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## INTERPRETING INSURANCE POLICIES

The interpretation of an insurance policy is a question of law. St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting Co., 324 Or. 184, 192, 923 P.2d 1200, 1205 (1996). The court ascertains the intent of the parties based on the policy's terms and conditions. Id. The court is guided by "the understanding of the ordinary purchaser of insurance." Botts v. Hartford Accident & Indem. Co., 284 Or. 95, 100, 585 P.2d 657, 659 (1978).

The court construes ambiguities in the policy's terms against the insurer. St. Paul Fire, 324 Or. at 192, 923 P.2d at 1205. The insured has the initial burden of showing that coverage exists under the policy, while the insurer has the burden of showing that the policy excludes coverage. Employers Ins. of Wausau v. Tektronix, Inc., 211 Or. App. 485, 509, 156 P.3d 105, 119 (2007).

## DISCUSSION

### I. Duty to Defend

An insurer has a duty to defend an action "if the complaint filed against the insured 'could, without amendment, impose liability for conduct covered by the policy.'" United States Fid. & Guar. Co. v. Star Techs., Inc., 935 F. Supp. 1110, 1113 (D. Or. 1996) (quoting Ledford v. Gutoski, 319 Or. 397, 399-400,

4 - OPINION AND ORDER

877 P.2d 80, 82 (1994)). The court, considering only the allegations in the complaint, determines whether any of the allegations could support a covered claim against the insured. Id. "If the complaint is unclear or ambiguous and may be reasonably interpreted to include an incident within the coverage of the policy, the insurer has a duty to defend." Id. (citing Oakridge Cmty. Ambulance Serv., Inc. v. United States Fid. & Guar. Co., 278 Or. 21, 24, 563 P.2d 164, 166 (1977)). The insurer must defend if the claims "fall both within and outside coverage of the policy." Id.

## II. Coverage Under the Employee Liability Benefits Form

Defendants' policy includes the Employee Benefits Liability Form, which covers errors made in the administration of employee benefit programs. The coverage applies when there has been a "negligent act, error or omission" concerning the administration of a benefit program during the policy period. Defendants argue that they have no duty to defend because plaintiffs have not shown that the Doyle complaint asserts (1) negligence (2) in the administration of an employee benefits program (3) during the policy period.

The policy covers

> all sums which the insured shall become legally obligated to pay as damages on account of <u>any claims made against the insured by any employee, former employee</u> or the beneficiaries or legal representatives thereof, and <u>caused by the negligent act, error or omission of the insured</u> or any other person for whose acts the insured is legally liable, <u>which occurs during the policy period, in the administration of the</u>

5 - OPINION AND ORDER

<u>insured's employee benefits program</u> as defined herein. (Emphasis added.)

The policy defines "administration" as

    a.  Giving counsel to employees with respect to the employee benefits programs;

    b.  Interpreting the employee benefits program;

    c.  Handling of records in connection with the employee benefits programs;

    d.  Effecting enrollment, termination or cancellation of employees under the employee benefit programs, . . . .

**A.  "Negligent act, error or omission"**

Defendants argue that they have no duty to defend under the Employee Benefits Liability endorsement because it covers only losses "caused by the negligent act, error or omission of the insured." Defendants contend that the decision to obtain health insurance that did not extend to retired employees was purposeful and deliberate, not negligent.

Plaintiffs respond that the complaint alleges that Dyal, the City Manager, failed to follow the advice of Doyle, the City Attorney, on the proper interpretation of ORS 243.303(2). Plaintiffs contend that failure to follow the advice of counsel could be considered negligent. Plaintiffs also contend that failure to follow legal advice is an error in judgment, and the policy covers errors and omissions.

In <u>Baylor Heating & Air Conditioning, Inc. v. Federated Mut. Ins. Co.</u>, 987 F.2d 415, 419 (7th Cir. 1993), the Seventh Circuit

6 - OPINION AND ORDER

interpreted a similar policy that covered the insured's liability arising from a "negligent act, error, or omission." The insured employer in Baylor sought coverage for liability incurred when, "acting upon the advice of its counsel . . . Baylor ceased making payments to the pension fund." Id. at 416. The court held that "[a]lthough [the insured's counsel] may have been mistaken . . . this does not convert [the insured's] intentional act in refusing to further honor the collective bargaining agreement into a negligent one." Id. at 419.

Here, unlike Baylor, plaintiffs acted against the advice of the City Attorney. In Baylor, the Seventh Circuit stated, "Whatever the quality of [the insured's counsel's] advice, Baylor's reliance upon it indicates that Baylor itself did not behave negligently. Indeed, seeking the advice of competent counsel before entering into the morass of employee benefits law would seem to be eminently reasonable behavior." 987 F.2d at 419 n.6.

Plaintiffs here allegedly ignored the advice of counsel and purchased insurance that, according to counsel, would violate ORS 243.303(2) and Resolution 5715. I conclude that plaintiffs' alleged decision could be considered a covered "negligent act, error or omission" under the policy. Cf. Carmel v. Clapp & Eisenberg, P.C., 960 F.2d 698, 703 (7th Cir. 1992) ("a plaintiff client's failure to follow legal advice may constitute contributory negligence in a legal malpractice case"). Although

7 - OPINION AND ORDER

the decision to go against the advice of counsel could also be considered intentional, the ambiguity should be construed against the insurer.

### B. The Conduct Occurred During the Policy Period

Defendants contend that the alleged wrongful conduct stems from the City's decisions to purchase health insurance coverage in 1990, 2001, and 2002 that did not extend to retirees. The insurance policy at issue went into effect July 1, 2003 and was renewed to provide coverage until at least July 1, 2006.

Plaintiffs state that the enrollment of City employees in plans for health insurance occurs during the collective bargaining process. Plaintiffs state that the benefits at issue were established by City ordinances that went into effect in June and July 2004, which is within the policy coverage period.

Plaintiffs argue that during the enrollment period for health insurance, the City could choose to purchase health insurance from the same insurer or from a different insurer, or could decide to self-insure. The Doyle complaint alleges that the City had other health insurance available when it chose the Oregon Teamsters Employers Trust (OTET), and that the City provided other employment groups with coverage after retirement.

I agree with plaintiffs that the alleged wrongful conduct here, which was choosing health insurance coverage that did not allow retirees to maintain coverage, occurred during the covered period. The Doyle complaint alleges that City could have

8 - OPINION AND ORDER

obtained health insurance coverage during the policy period that would have extended to retirees, but the City chose not to do so. The City made that choice during the period covered by defendants' insurance.

### C. Interpretation of "Administration" Under the Policy

The policy covers only claims arising from "the administration of the insured's employee benefits program." The policy defines "administration" as

>     a. Giving counsel to employees with respect to the employee benefits programs;
>
>     b. Interpreting the employee benefits program;
>
>     c. Handling of records in connection with the employee benefits programs;
>
>     d. Effecting enrollment, termination or cancellation of employees under the employee benefit programs . . . .

Defendants contend that the City's decision to obtain health insurance that did not cover retirees was not "administration" of an employee benefits program. Defendants cite Maryland Casualty Co. v. Economy Bookbinding Corp. Pension Plan and Trust, 621 F. Supp. 410, 414 (D. N.J. 1985), which interpreted a similar policy provision. The Maryland Casualty court stated,

> The policy covers only claims arising from acts performed in the "administration" of the policy, and defines administration in a limited way. It is clear that the policy limits coverage to liability incurred in relatively routine, ministerial acts performed in relation to the Pension Plan, and avoids coverage of liability incurred in the decision-making and monitoring involved in managing the Plan's investments.

9 - OPINION AND ORDER

Id. at 413.

I disagree with Maryland Casualty's narrow interpretation of the word "administration." The policy itself does not restrict the definition of "administration" to ministerial acts. "Administration" includes "Effecting enrollment, termination or cancellation of employees under the employee benefit programs." Here, the City's decision to obtain health insurance that did not cover retirees coverage "[e]ffect[ed] enrollment, termination or cancellation of employees under the employee benefit programs."

### III.  Coverage Under the Employment Practices Liability Form

The policy covers "wrongful employment acts." "Wrongful employment act" is defined as "any act, error or omission of any of the following:

    a.   Employment discrimination;

    b.   Wrongful employment termination;

    c.   Retaliatory action against any of your employees;

    d.   Wrongful, excessive or unfair discipline of any of your employees;

    e.   Wrongful hiring, supervision or demotion of, or failure to promote, any of your employees, or

    f.   Wrongful failure to hire an employee applicant."

The policy provides that "[a]ll such acts, errors or omissions by one or more insureds that are substantially the same or are in any way directly or indirectly related -- either logically, causally or temporally -- shall be deemed to constitute one

10 - OPINION AND ORDER

wrongful act, regardless of the number of claims or claimants."

The Doyle plaintiffs alleged age discrimination under state and federal law.

### A. Within the Policy Period

Defendants argue that the claims arose before the covered period. However, during each enrollment period, the City allegedly could have chosen insurance that would have covered retirees.

### B. Failure to Secure Proper Insurance

Defendants' policy excludes claims "flowing from or originating out of the failure to secure or maintain proper insurance or bonds." Defendants contend that the claims in Doyle, including the claims for age discrimination, depend on the allegation that the City and Dyal failed to maintain proper insurance. However, the Doyle complaint alleges discrimination based on age, and seeks damages stemming from the City's alleged age-related disparate treatment of the plaintiffs. I conclude that the policy exclusion for failing to secure proper insurance does not apply.

### C. Violation of Statutory Duties

Defendants' policy excludes claims "flowing from or originating out of any violation of any of the duties or responsibilities required of the insured as an employer by the following laws or similar provisions of any other laws, rules, or regulations." The policy lists federal statutes, including the

11 - OPINION AND ORDER

Fair Labor Standards Act, the National Labor Relations Act, the Worker Adjustment and Retraining Notification Act, COBRA, and ERISA.

Defendants contend that ORS 243.303(2) is analogous to COBRA, which requires the extension of health insurance coverage up to 18 months after an employee leaves a job, and to ERISA, which requires that employers provide health insurance and pension benefits. However, I conclude that ORS 243.303(2) is not so similar to the listed statutes as to fall within this exclusion.

## CONCLUSION

Plaintiffs' motion for partial summary judgment (#23) is granted. Defendants' motion for partial summary judgment (#24) is denied.

IT IS SO ORDERED.

DATED this __24__ day of December, 2007.

OWEN M. PANNER
U.S. DISTRICT JUDGE