IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CITY OF MEDFORD, et al.,

        Plaintiffs,

    v.

ARGONAUT INSURANCE GROUP,
et al.,

        Defendants.

No. 1:06-cv-03098-PA

**CONSOLIDATED CASES**

**OPINION AND ORDER**

---

CITY OF MEDFORD, et al.,

        Plaintiffs,

    v.

ARGONAUT INSURANCE GROUP,
et al.,

        Defendants.

No. 1:11-cv-03037-PA

**PANNER, J.**

    The City of Medford and Michael Dyal, the City Manager

(collectively referred to as the City), bring these two

1  - OPINION AND ORDER

consolidated actions for declaratory relief and breach of
contract against defendants Argonaut Group, Inc., Trident
Insurance Services, LLC[1], and Northland Insurance Companies.  The
City claims Argonaut has a duty to defend it from lawsuits filed
by current City employees (the Bova litigation) and retired City
employees (the Doyle litigation).  The lawsuits challenge the
City's failure to make health insurance available to its
employees after retirement.

Argonaut and the City file cross-motions for summary
judgment.  Argonaut also moves to reconsider an earlier order,
Medford v. Argonaut Insurance Group, 2007 WL 4570713 (D. Or.
2007).  Northland moves for summary judgment against Argonaut
seeking partial reimbursement for expenses Northland incurred
while defending the City.

On the duty to defend, I grant the motions of the City and
Northland and deny Argonaut's motions.  Pending resolution of the
ongoing state court proceedings, I reserve ruling on whether
defendants have a duty to indemnify.

### DISCUSSION

## I.  Argonaut's Duty to Defend

### A. Interpreting Insurance Policies

The interpretation of an insurance policy is a question of

---

[1] Argonaut has stated Trident is a claims administrator for
the Argonaut group of companies, and is not an insurer itself.

2 - OPINION AND ORDER

law.  St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter
Creosoting Co., 324 Or. 184, 192, 923 P.2d 1200, 1205 (1996).
The court is guided by "the understanding of the ordinary
purchaser of insurance."  Botts v. Hartford Accident & Indem.
Co., 284 Or. 95, 100, 585 P.2d 657, 659 (1978).  The court
construes ambiguities in the policy's terms against the insurer.
St. Paul Fire, 324 Or. at 192, 923 P.2d at 1205.  The insured has
the initial burden of showing that coverage exists, and the
insurer has the burden of showing that the policy excludes
coverage.  Employers Ins. of Wausau v. Tektronix, Inc., 211 Or.
App. 485, 509, 156 P.3d 105, 119 (2007).

### B.  Argonaut's Arguments

Argonaut argues it has no duty to defend because:

(1) Argonaut should not be required to defend the City from a
"known loss" or a "loss in progress";

(2) the lawsuits against the City were not based on an insured's
"negligent act, error or omission";

(3) Argonaut's policy excludes discrimination claims;

(4) the alleged conduct giving rise to liability occurred before
July 2003, the effective date of Argonaut's policy; and

(5) as to the Bova litigation, the plaintiffs sought only
declaratory and injunctive relief, not damages.

### (1) Known Loss or Loss in Progress

Argonaut contends that it has no duty to defend because the
City knew about its potential losses when it first purchased
insurance from Argonaut.  Argonaut argues it was before July

3  - OPINION AND ORDER

2003, when the policy took effect, that the City chose to
purchase health insurance that did not cover retirees.

Argonaut concedes "no Oregon case has expressly adopted the
'known loss' or 'loss in progress' doctrine," but argues that the
doctrine is consistent with Oregon's public policy against
insuring intentionally harmful conduct. See, e.g., Nielsen v.
St. Paul Cos., 283 Or. 277, 280-81, 583 P.2d 545, 547 (1978)
("Insurance coverage for the protection of one who intentionally
inflicts injury upon another is against public policy, and
whether the insurer is relieved for this reason from the defense
of an action against its insured depends upon the allegations of
the complaint.").

Argonaut has not shown that Oregon would adopt the "known
loss" doctrine. Even assuming Oregon would adopt the known loss
doctrine, it would not apply here. The statute the City was
alleged to have violated, Or. Rev. Stat. § 243.303, is ambiguous,
requiring local governments to continue health insurance for
retirees "insofar as and to the extent possible." When the Ninth
Circuit was required to interpret the statute to resolve a
federal due process issue, the Ninth Circuit chose to certify the
question to the Oregon Supreme Court rather than construe the
statute itself. Doyle v. City of Medford, 565 F.3d 536, 544 (9th
Cir. 2009); Doyle v. City of Medford, 347 Or. 564, 576, 227 P.3d
683, 690 (2010) (answering certified question, stating section

4 - OPINION AND ORDER

243.303 provides that "local governments have an obligation to
make health insurance available to retirees, but that there may
be factual circumstances that excuse that obligation"). Although
a state trial court later determined the City did violate the
statute, "Mere unlawfulness of the act does not raise any
necessary implication that it was the actor's intention to
injure." Nielsen, 283 Or. at 281, 583 P.2d at 547. I conclude
that the known loss doctrine, even if it applied, would not bar
coverage.

### (2) Coverage for a "negligent act, error or omission"

Argonaut's policy covers an insured's "negligent act, error
or omission." Argonaut contends it has no duty to defend because
the complaints in Bova and Doyle alleged the City acted
intentionally, not negligently, when it failed to provide
employees with health insurance after retirement.

I previously rejected this argument:

> [The City] allegedly ignored the advice of counsel and
> purchased insurance that, according to counsel, would
> violate ORS 243.303(2) and Resolution 5715. I conclude
> that plaintiffs' alleged decision could be considered a
> covered "negligent act, error or omission" under the
> policy. Cf. Carmel v. Clapp & Eisenberg, P.C., 960 F.2d
> 698, 703 (7th Cir. 1992) ("a plaintiff client's failure
> to follow legal advice may constitute contributory
> negligence in a legal malpractice case"). Although the
> decision to go against the advice of counsel could also
> be considered intentional, the ambiguity should be
> construed against the insurer.

City of Medford v. Argonaut Ins. Group, 2007 WL 4570713, at *3

(D. Or. Dec. 26, 2007). Given the difficulty of interpreting the

5 - OPINION AND ORDER

ambiguous statute the City allegedly violated, I adhere to my
conclusion that the City's failure to provide continued coverage
could be considered a negligent act or error.

## (3) Exclusion for Discrimination

Argonaut argues that it has no duty to defend because policy
excludes coverage for discrimination.  The policy excludes "[a]ny
dishonest, fraudulent, criminal or malicious act, libel, slander,
discrimination, or humiliation."

Although the complaints against the City seek damages for
age discrimination, the complaints also seek damages for
violations of section 243.303, a claim that is legally and
factually independent of the age discrimination claim.  An
insurer has a duty to defend if any claim in the complaint could
be covered, even when other claims are subject to an exclusion.
See Nielsen, 283 Or. at 280, 583 P.2d at 547.

## (4) Conduct occurred during Argonaut's coverage

Argonaut argues that the acts for which the City seeks
coverage occurred before Argonaut's policy took effect in July
2003.  Argonaut notes that it was in 1990 that the City purchased
health insurance for police officers that did not cover retirees,
and that the City purchased similar insurance for other employees
in 2001.

I have previously rejected this argument:

> I agree with plaintiffs that the alleged wrongful
> conduct here, which was choosing health insurance

6 - OPINION AND ORDER

> coverage that did not allow retirees to maintain
> coverage, occurred during the covered period.  The
> Doyle complaint alleges that City could have obtained
> health insurance coverage that would extend to retired
> employees, but chose not to do so.  The City made that
> choice during the period covered by defendants'
> insurance.

City of Medford v. Argonaut Ins. Group, 2007 WL 4570713, at *4

(D. Or. 2007).  Because ambiguities in the complaint are

construed against the insurer, I adhere to this ruling.  See id.

at *2.

### (5) No Damages Alleged

As to the Bova litigation only, Argonaut argues it had no

duty to defend because the Bova plaintiffs did not seek damages,

only injunctive and declaratory relief.  The City responds that

the Bova complaint claimed violations of the Oregon age

discrimination statute and section 243.303, and sought "Such

additional remedies, both legal and [equitable], that the law

provides and the Court deems just and proper."  I conclude the

Bova complaint could reasonably be interepreted to seek damages,

triggering Argonaut's duty to defend.

### II.  Northland's Motions Against Argonaut

Northland seeks partial summary judgment against Argonaut.

Northland, which has paid for the City's defense until March

2011, contends Argonaut should pay half of the City's defense

costs.  Northland concedes Argonaut is not required to pay more

than half of the defense costs.

7  - OPINION AND ORDER

Because of my rulings on Argonaut's duty to defend, I grant partial summary judgment to Northland on its claims against Argonaut for half of the City's defense costs.

## CONCLUSION

Plaintiffs' motion to amend (#74) is granted. Plaintiffs' amended motion for partial summary judgment (#50) is granted as to the duty to defend. Argonaut's motions for summary judgment (#62) and for reconsideration (#72) are denied. Northland's motion for partial summary judgment (#57) is granted. Pending resolution of the underlying state court litigation, the court stays ruling on whether defendants has a duty to indemnify.

IT IS SO ORDERED.

DATED this ____/____ day of December, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE