```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF OREGON
```

CITY OF MEDFORD, et al.,

        Plaintiffs,

    v.

ARGONAUT INSURANCE GROUP,
et al.,

        Defendants.

No. 1:06-cv-03098-PA

**CONSOLIDATED CASES**

**OPINION AND ORDER**

_____

CITY OF MEDFORD, et al.,

        Plaintiffs,

    v.

ARGONAUT INSURANCE GROUP,
et al.,

        Defendants.

No. 1:11-cv-03037-PA

**PANNER, J.**

    The City of Medford and Michael Dyal, the City Manager (collectively referred to as the City), bring these two

1 - OPINION AND ORDER

consolidated actions for declaratory relief and breach of contract against defendants Argonaut Group, Inc., Trident Insurance Services, LLC[1], and Northland Insurance Companies. The City claims Argonaut has a duty to defend it from lawsuits filed by current City employees (the Bova litigation) and retired City employees (the Doyle litigation). The lawsuits challenge the City's failure to make health insurance available to its employees after retirement.

Argonaut and the City file cross-motions for summary judgment. Argonaut also moves to reconsider an earlier order, Medford v. Argonaut Insurance Group, 2007 WL 4570713 (D. Or. 2007). Northland moves for summary judgment against Argonaut seeking partial reimbursement for expenses Northland incurred while defending the City.

On the duty to defend, I grant the motions of the City and Northland and deny Argonaut's motions. Pending resolution of the ongoing state court proceedings, I reserve ruling on whether defendants have a duty to indemnify.

## DISCUSSION

### I. Argonaut's Duty to Defend

#### A. Interpreting Insurance Policies

The interpretation of an insurance policy is a question of

---

[1] Argonaut has stated Trident is a claims administrator for the Argonaut group of companies, and is not an insurer itself.

2 - OPINION AND ORDER

law. St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting Co., 324 Or. 184, 192, 923 P.2d 1200, 1205 (1996). The court is guided by "the understanding of the ordinary purchaser of insurance." Botts v. Hartford Accident & Indem. Co., 284 Or. 95, 100, 585 P.2d 657, 659 (1978). The court construes ambiguities in the policy's terms against the insurer. St. Paul Fire, 324 Or. at 192, 923 P.2d at 1205. The insured has the initial burden of showing that coverage exists, and the insurer has the burden of showing that the policy excludes coverage. Employers Ins. of Wausau v. Tektronix, Inc., 211 Or. App. 485, 509, 156 P.3d 105, 119 (2007).

### B. Argonaut's Arguments

Argonaut argues it has no duty to defend because:

(1) Argonaut should not be required to defend the City from a "known loss" or a "loss in progress";

(2) the lawsuits against the City were not based on an insured's "negligent act, error or omission";

(3) Argonaut's policy excludes discrimination claims;

(4) the alleged conduct giving rise to liability occurred before July 2003, the effective date of Argonaut's policy; and

(5) as to the Bova litigation, the plaintiffs sought only declaratory and injunctive relief, not damages.

### (1) Known Loss or Loss in Progress

Argonaut contends that it has no duty to defend because the City knew about its potential losses when it first purchased insurance from Argonaut. Argonaut argues it was before July

3 - OPINION AND ORDER

2003, when the policy took effect, that the City chose to purchase health insurance that did not cover retirees.

Argonaut concedes "no Oregon case has expressly adopted the 'known loss' or 'loss in progress' doctrine," but argues that the doctrine is consistent with Oregon's public policy against insuring intentionally harmful conduct. See, e.g., Nielsen v. St. Paul Cos., 283 Or. 277, 280-81, 583 P.2d 545, 547 (1978) ("Insurance coverage for the protection of one who intentionally inflicts injury upon another is against public policy, and whether the insurer is relieved for this reason from the defense of an action against its insured depends upon the allegations of the complaint.").

Argonaut has not shown that Oregon would adopt the "known loss" doctrine. Even assuming Oregon would adopt the known loss doctrine, it would not apply here. The statute the City was alleged to have violated, Or. Rev. Stat. § 243.303, is ambiguous, requiring local governments to continue health insurance for retirees "insofar as and to the extent possible." When the Ninth Circuit was required to interpret the statute to resolve a federal due process issue, the Ninth Circuit chose to certify the question to the Oregon Supreme Court rather than construe the statute itself. Doyle v. City of Medford, 565 F.3d 536, 544 (9th Cir. 2009); Doyle v. City of Medford, 347 Or. 564, 576, 227 P.3d 683, 690 (2010) (answering certified question, stating section

4 - OPINION AND ORDER

243.303 provides that "local governments have an obligation to make health insurance available to retirees, but that there may be factual circumstances that excuse that obligation"). Although a state trial court later determined the City did violate the statute, "Mere unlawfulness of the act does not raise any necessary implication that it was the actor's intention to injure." Nielsen, 283 Or. at 281, 583 P.2d at 547. I conclude that the known loss doctrine, even if it applied, would not bar coverage.

**(2) Coverage for a "negligent act, error or omission"**

Argonaut's policy covers an insured's "negligent act, error or omission." Argonaut contends it has no duty to defend because the complaints in Bova and Doyle alleged the City acted intentionally, not negligently, when it failed to provide employees with health insurance after retirement.

I previously rejected this argument:

> [The City] allegedly ignored the advice of counsel and purchased insurance that, according to counsel, would violate ORS 243.303(2) and Resolution 5715. I conclude that plaintiffs' alleged decision could be considered a covered "negligent act, error or omission" under the policy. Cf. Carmel v. Clapp & Eisenberg, P.C., 960 F.2d 698, 703 (7th Cir. 1992) ("a plaintiff client's failure to follow legal advice may constitute contributory negligence in a legal malpractice case"). Although the decision to go against the advice of counsel could also be considered intentional, the ambiguity should be construed against the insurer.

City of Medford v. Argonaut Ins. Group, 2007 WL 4570713, at *3 (D. Or. Dec. 26, 2007). Given the difficulty of interpreting the

5 - OPINION AND ORDER

ambiguous statute the City allegedly violated, I adhere to my conclusion that the City's failure to provide continued coverage could be considered a negligent act or error.

### (3) Exclusion for Discrimination

Argonaut argues that it has no duty to defend because policy excludes coverage for discrimination. The policy excludes "[a]ny dishonest, fraudulent, criminal or malicious act, libel, slander, discrimination, or humiliation."

Although the complaints against the City seek damages for age discrimination, the complaints also seek damages for violations of section 243.303, a claim that is legally and factually independent of the age discrimination claim. An insurer has a duty to defend if any claim in the complaint could be covered, even when other claims are subject to an exclusion. See Nielsen, 283 Or. at 280, 583 P.2d at 547.

### (4) Conduct occurred during Argonaut's coverage

Argonaut argues that the acts for which the City seeks coverage occurred before Argonaut's policy took effect in July 2003. Argonaut notes that it was in 1990 that the City purchased health insurance for police officers that did not cover retirees, and that the City purchased similar insurance for other employees in 2001.

I have previously rejected this argument:

> I agree with plaintiffs that the alleged wrongful conduct here, which was choosing health insurance

6 - OPINION AND ORDER

>      coverage that did not allow retirees to maintain
>      coverage, occurred during the covered period. The
>      <u>Doyle</u> complaint alleges that City could have obtained
>      health insurance coverage that would extend to retired
>      employees, but chose not to do so. The City made that
>      choice during the period covered by defendants'
>      insurance.

<u>City of Medford v. Argonaut Ins. Group</u>, 2007 WL 4570713, at *4 (D. Or. 2007). Because ambiguities in the complaint are construed against the insurer, I adhere to this ruling. <u>See id.</u> at *2.

### (5) No Damages Alleged

As to the <u>Bova</u> litigation only, Argonaut argues it had no duty to defend because the <u>Bova</u> plaintiffs did not seek damages, only injunctive and declaratory relief. The City responds that the <u>Bova</u> complaint claimed violations of the Oregon age discrimination statute and section 243.303, and sought "Such additional remedies, both legal and [equitable], that the law provides and the Court deems just and proper." I conclude the <u>Bova</u> complaint could reasonably be interepreted to seek damages, triggering Argonaut's duty to defend.

### II. Northland's Motions Against Argonaut

Northland seeks partial summary judgment against Argonaut. Northland, which has paid for the City's defense until March 2011, contends Argonaut should pay half of the City's defense costs. Northland concedes Argonaut is not required to pay more than half of the defense costs.

7 - OPINION AND ORDER

Because of my rulings on Argonaut's duty to defend, I grant partial summary judgment to Northland on its claims against Argonaut for half of the City's defense costs.

## CONCLUSION

Plaintiffs' motion to amend (#74) is granted. Plaintiffs' amended motion for partial summary judgment (#50) is granted as to the duty to defend. Argonaut's motions for summary judgment (#62) and for reconsideration (#72) are denied. Northland's motion for partial summary judgment (#57) is granted. Pending resolution of the underlying state court litigation, the court stays ruling on whether defendants has a duty to indemnify.

IT IS SO ORDERED.

DATED this ___1___ day of December, 2011.

*[signature]*
OWEN M. PANNER
U.S. DISTRICT JUDGE