IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CITY OF MEDFORD, et al.,

        Plaintiffs,

   v.

ARGONAUT INSURANCE GROUP, et al.,

        Defendants.

No. 1:06-cv-3098-PA

**CONSOLIDATED CASES**

**ORDER**

---

CITY OF MEDFORD, et al.,

        Plaintiffs,

   v.

ARGONAUT INSURANCE GROUP, et al.,

        Defendants.

No. 1:11-cv-3037-PA

**PANNER, J.**

    Plaintiffs City of Medford and Michael Dyal (the City), bring these consolidated actions for breach of insurance contracts against defendants Argonaut Insurance Group (Argonaut)

1  -  ORDER

and Northland Insurance Companies (Northland). The City and Northland now file cross-motions for summary judgment, disputing whether Northland has a duty to defend the City in pending state court appeals, or a duty to indemnify the City for judgments entered against it.

I conclude Northland does not have a duty to defend the City in the Doyle and Bova state court appeals, and does not have a duty to indemnify the City for the state court judgments in Doyle and Bova.

## BACKGROUND

In Doyle and Bova, the plaintiffs are retired and current employees of the City who brought actions based on the City's failure to provide health insurance to employees after retirement.

In the Doyle state court litigation, four retired employees brought state law claims against the City for age discrimination, statutory violations, and breach of contract. In the Bova state court litigation, the plaintiffs, who were current employees, brought claims similar to those in Doyle as well as a claim for injunctive relief.

After trial in Doyle, two plaintiffs, Doyle and Miller, were awarded damages for age discrimination, statutory violations, and breach of contract. The judgment as to Doyle and Miller is not at issue here because their claims arose after Northland's

2   -   ORDER

coverage expired. The judgment as to other two plaintiffs, Deuel and Steinberg, awarded damages for breach of contract only, dismissing their other claims as untimely. Deuel and Steinberg have not appealed the judgment.

In Bova, the state court entered judgment for the plaintiffs, ordering the City to obtain health insurance for employees that included an option to continue coverage after retirement. The judgment in Bova awarded the plaintiffs their attorney's fees and costs related to obtaining injunctive relief, but did not award damages.

Northland defended the City until entry of judgment in Doyle and Bova. The City has appealed the state court judgments, but Northland contends it no longer has a duty to defend.

## DISCUSSION

### I. Duty to Defend

#### A. Doyle

Oregon decisions provide little guidance on an insurer's continuing duty to defend after a judgment is entered. Cf. Goddard ex rel. Estate of Goddard v. Farmers Ins. Co., 173 Or. App. 633, 641, 22 P.3d 1224, 1229 (2004) (dicta) ("[A]n insurer's duty to defend does not necessarily end with a judgment. The duty to defend includes the duty to appeal in an appropriate case."). Generally the court looks to the allegations in the underlying complaint against the insured to determine whether the

3   -   ORDER

insurer has duty to defend under the policy. If the underlying complaint is later amended, deleting the allegations that initially created the duty to defend, the insurer's duty is "extinguished" because it "arises from, and persists only during the effective period of, a complaint containing allegations of conduct that is covered by the applicable insurance policy or indemnity agreement." National Union Fire Ins. Co. v. Starplex Corp., 220 Or. App. 560, 565 n.1, 188 P.3d 332, 336 n.1 (2008). Similarly, when a judgment eliminates all covered claims against the insured, and the dismissal of the covered claims is not appealed, the insurer no longer has a duty to defend. See Crist v. Insurance Co. of North America, 529 F. Supp. 601, 606 (D. Utah 1982) (applying Utah law) (no duty to defend on appeal when trial court dismissed covered claims against the insured, leaving only uncovered claims on appeal).

Here, the state court judgment dismissed the covered discrimination claims against the City, leaving only breach of contract claims. Northland's policy provides, "'Damages' does not include any sums recoverable for breach of contract, express or implied, except for all sums recoverable by law from any liability covered under this coverage form for 'wrongful employment practices.'" Amd. Compl., Ex. B, at 9 (emphasis added). "Wrongful employment practices" includes "any conduct that violates any federal, state or local law prohibiting

4    -    ORDER

employment discrimination." Id. at 10. The breach of contract claims do not fall within the policy's definition of "wrongful employment practices" because the statute giving rise to the breach of contract claims, Or. Rev. Stat. § 243.303, does not address employment discrimination. Northland has no continuing duty to defend the City in the Doyle appeal.

### B. Bova

Northland also has no continuing duty to defend the City on the appeal of the Bova litigation. Northland's policy excludes "nonmonetary damages, fines or penalties," including "[a]ny costs, fees or expenses which the insured may become obligated to pay as a result of an adverse judgment for injunctive or declaratory relief." Amd. Compl., Ex. B, at 13. The costs and attorney's fees awarded to the Bova plaintiffs fall within this exclusion, and the Bova plaintiffs did not cross-appeal the dismissal of their damages claims against the City.

## II. Duty to Indemnify

"[T]he duty to defend is different from the duty to indemnify, and the breach of one does not, in and of itself, establish the breach of the other." Northwest Pump v. Am. States Ins., 144 Or. App. 222, 227, 925 P.2d 1241, 1243 (1996) (en banc). "[T]he duty to indemnify is established by proof of actual facts demonstrating a right to coverage." Id.

The City argues that I should reserve ruling on the duty to

5   -   ORDER

indemnify because of the pending state court appeals. I conclude there is no need to reserve ruling because the indemnity issues will not be altered by appellate rulings.

### A. Doyle

Because Northland's policy excludes coverage for breach of contract damages, Northland has no duty to indemnify the City for the damages awarded to Deuel and Steinberg.

### B. Bova

Similarly, Northland has no duty to indemnify the City for the costs and fees awarded to the Bova plaintiffs. The policy excludes costs and fees awarded as the "result of an adverse judgment for injunctive or declaratory relief."

## CONCLUSION

Plaintiffs' motions for partial summary judgment (#98 in 06-3098, #84 and #88 in 11-3037) are denied. Northland's motions for summary judgment (#86 in 06-3098, #63 and #64 in 11-3037) are granted.

IT IS SO ORDERED.

DATED this __21__ day of June, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE

6   -   ORDER